Ray and Rebecca Cobb v. DFW Medical Center - Grand Prairie
















IN THE
TENTH COURT OF APPEALS
 

No. 10-99-086-CV

     RAY AND REBECCA COBB,
                                                                         Appellants
     v.

     DALLAS FORT WORTH
     MEDICAL CENTER - GRAND PRAIRIE,
                                                                         Appellee
 

From the 17th District Court
Tarrant County, Texas
Trial Court # 17-177355-99
                                                                                                                
                                                                                                         
CONCURRING OPINION
                                                                                                                

      I join Chief Justice Davis' opinion and agree that this case should be remanded for trial. I
write separately to discuss the issues presented in light of the Medical Liability and Insurance
Improvement Act (the “Act”). Tex. Rev. Civ. Stat. Ann. art. 4590i (Vernon Supp. 2001).
      Rebecca and Ray Cobb sued the Hospital and two doctors under the Act in cause 17-154790-94. Id. The order granting the Hospital's motion for summary judgment dismisses the Cobbs'
claims against the Hospital. Apparently to make that order final, those claims were severed into
a new cause, No. 17-177355-99, and were again dismissed. Appeal was taken from the second
order.



MEDICAL LIABILITY AND INSURANCE IMPROVEMENT ACT
      We should be addressing such claims in light of the Act, by which the Legislature has given
us several definitions to consider:
"Health care" means any act or treatment performed or furnished, or which should have
been performed or furnished, by any health care provider for, to, or on behalf of a patient
during the patient's medical care, treatment, or confinement.
 
 "Health care provider" means any person, partnership, professional association,
corporation, facility, or institution duly licensed or chartered by the State of Texas to provide
health care as a registered nurse, hospital, dentist, podiatrist, pharmacist, or nursing home,
or an officer, employee, or agent thereof acting in the course and scope of his employment.
 
"Health care liability claim" means a cause of action against a health care provider or
physician for treatment, lack of treatment, or other claimed departure from accepted standards
of medical care or health care or safety which proximately results in injury to or death of the
patient, whether the patient's claim or cause of action sounds in tort or contract.
 
"Medical care" means any act defined as practicing medicine in Article 4510, Revised
Civil Statutes of Texas, 1925, as amended, performed or furnished, or which should have
been performed, by one licensed to practice medicine in Texas for, to, or on behalf of a
patient during the patient's care, treatment, or confinement.

Tex. Rev. Civ. Stat. Ann. art. 4590i, § 1.03(a)(2), (3), (4), (6) (Vernon Supp. 2001). 
NATURE OF THE CLAIMS
      Note should be taken of the difference between the Act's definitions of “health care,” which
can be delivered by any “health care provider,” and “medical care,” which can be delivered only
by one licensed to practice medicine. Id. § 1.03(a)(2), (3), (6). Using those definitions Rebecca
Cobb is not asserting a claim for “medical care” against the Hospital.
      One may question whether Rebecca Cobb is asserting a “health care liability claim” against
the Hospital. Id. § 1.03(a)(4). The answer depends on the meaning ascribed to the word “act”
in the definition of “health care.” Id. § 1.03(a)(2). Given its broadest definition, “act” would
include everything a hospital does with respect to a patient because every act claimed to have been
done or omitted could be said to have been “performed or furnished, or which should have been
performed or furnished, by [a] health care provider for, to, or on behalf of a patient during the
patient's medical care, treatment, or confinement.” Id.
      The Hospital is a “health care provider” under the statutory definition. Id. § 1.03(a)(3). But
hospitals furnish many services. They employ other “health care providers,” such as nurses and
pharmacists, to provide “health care” to patients. They also employ many persons normally
thought to be “non-providers,” who work at such things as administration, building maintenance,
food-service, laundry, and other tasks that make the institution operate efficiently. The Act's
definition of “health care provider” might be read, however, to include such “non-providers”
because it includes all officers, employees, and agents of providers who are acting in the course
and scope of their employment. Id.
      The question that naturally arises is whether every “act or treatment performed or furnished,
or which should have been performed or furnished, by any health care provider for, to, or on
behalf of a patient during the patient's medical care, treatment, or confinement” would lead to a
“health care liability claim” under the Act, even if performed by a staff-member who is a “non-provider” in his or her own right.


 Tex. Rev. Civ. Stat. Ann. art. 4590i § 1.03(a)(2). Giving
these definitions their most expansive scope, the cook in a hospital would be classified as a “health
care provider” delivering “health care.” The maintenance electrician repairing a light fixture in
the lobby would be classified as a “health care provider” delivering “health care.” The legislature
could not have so intended.
REVIEW OF THE SUMMARY JUDGMENT
      How should we analyze the trial court's rejection of the Cobbs' claims? As Chief Justice
Davis points out, the review standard tells us to accept all evidence favorable to the non-movants,
the Cobbs, as true and indulge every reasonable inference and resolve all doubts in their favor. 
Although a doctor selected the hardware installed in her back from the items available in the
operating room, the summary-judgment evidence shows that the hardware implanted in Rebecca's
back was among items delivered to “central supply” at the Hospital, processed and sterilized, then
taken to the operating room. There, the hardware was laid out for use during the operation. More
items of hardware were delivered to the hospital, however, than were available in the operating
room at the time of the surgery. 
      What the summary judgment evidence does not show is the name or status of the hospital's
employee or employees who accepted delivery of the hardware, sterilized it, and delivered it to
the operating room. Indulging reasonable inferences and resolving doubts in the Cobbs' favor,
we may assume that those were “non-medical” personnel, i.e., persons who are not “providers”
under the Act in their own right. Using that assumption, the claim should be viewed as an
ordinary, non-medical negligence case, even though it occurred in a medical setting. 
      elements of the claim
      The elements of a medical negligence claim are: (1) a duty to act according to an applicable
standard of care; (2) a breach of that standard of care; (3) an injury; and (4) a causal connection
between the breach and the injury. Reynosa v. Huff, 21 S.W.3d 510, 513 (Tex. App.‒San
Antonio 2000, no pet.); Wyatt v. Longoria, 33 S.W.3d 26, 31 (Tex. App.‒El Paso 2000, no pet.). 
Little has been said in the decisions to date about how these elements relate to the Act.
      However, the elements of a claim based on general negligence concepts are: (1) a legal duty; 
(2) a breach of that duty; and (3) damages proximately resulting from the breach. See El Chico
Corp. v. Poole, 732 S.W.2d 306, 311 (Tex. 1987).
      duty
      Duty is always the threshold inquiry, which is a question of law for the court to decide. See
Greater Houston Transp. Co. v. Phillips, 801 S.W.2d 523, 525 (Tex. 1990). The operative
question in this appeal is: did the hospital have a duty to Rebecca Cobb with respect to the
pedicular hardware kit that was used in her operation. I have no difficulty in finding a duty under
general negligence principles, considering the risk, foreseeability, and the likelihood of injury
weighed against the social utility of the hospital's conduct, the magnitude of the burden of
guarding against the injury, and the consequences of placing that burden on the hospital. See Van
Horn v. Chambers, 970 S.W.2d 542 (Tex. 1998) (citing the balancing test of Greater Houston
Transp., 801 S.W.2d at 525 (Of all these factors, foreseeability of the risk is "the foremost and
dominant consideration.")).
      negligence
      Under this record, a fact issue exists about whether the Hospital breached its duty and thereby
contributed to Rebecca Cobb's injuries.
SUMMARY
      Because the summary judgment evidence raises genuine issues of material fact about a breach
of duty by the Hospital and damages proximately resulting from the breach, I join in the decision
to reverse the summary judgment and remand the cause for trial. El Chico, 732 S.W.2d at 311.
 
                                                                   BILL VANCE
                                                                   Justice

Opinion delivered and filed May 30, 2001
Publish